UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TRACY W.,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | CASE NO. 2:26-cv-00180-DGE<br><br>ORDER REVERSING AND REMANDING FOR FURTHER PROCEEDINGS |

Plaintiff seeks review of the Commissioner of Social Security's denial of her application for Supplemental Security Income ("SSI"). For the reasons discussed below, the Court REVERSES and REMANDS the Commissioner's decision for further proceedings.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff was 59 years old when she applied for disability benefits. Administrative Record ("AR") 275. Plaintiff has a high school education, and previously worked as a warehouse worker and a prep cook. AR 321–322. Plaintiff stopped working because of her conditions on August 30, 2021. AR 321. Plaintiff filed her application for SSI on March 14,

2022, alleging a disability onset date of October 1, 2021. AR 16, 275–281. Plaintiff later amended her disability onset date to January 1, 2023. AR 16, 40–41. Plaintiff's application was denied initially and on reconsideration. AR 16, 111–115, 120–123. Plaintiff's requested hearing was held before Administrative Law Judge ("ALJ") James Bentley on October 31, 2024. AR 37–59. On November 15, 2024, ALJ Bentley issued an order finding Plaintiff was not disabled pursuant to the Social Security Act. AR 13–30. On November 14, 2025, the Appeals Council denied Plaintiff's request for review. AR 1–6. On January 23, 2026, Plaintiff filed a complaint in this court. (Dkt. No. 3.)

## II. LEGAL STANDARD

The Court may reverse the ALJ's decision only if it is legally erroneous or not supported by substantial evidence of record. *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). The Court must examine the record but cannot reweigh the evidence or substitute its judgment for the ALJ's. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When evidence is susceptible to more than one interpretation, the Court must uphold the ALJ's interpretation if rational. *Ford*, 950 F.3d at 1154. Also, an ALJ's decision will not be reversed on account of an error that is harmless. *Stout v. Commissioner, Social Sec. Admin.*, 454 F.3d 1050, 1055–56 (9th Cir. 2006); *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012), *superseded on other grounds by regulation*.

## III. DISCUSSION

In her opening brief, Plaintiff raises the following issues: (1) whether the ALJ properly evaluated the opinion of Kathy Doan, ARNP; (2) whether the ALJ erred in rejecting the opinion of Renee Eisenhauer, Ph.D..; (3) whether the ALJ erred in rejecting the opinion of David Widlan, Ph.D.; (4) whether the ALJ properly evaluated Plaintiff's subjective symptom testimony; (5)

whether the ALJ erred in rejecting third party statements from Plaintiff's mother; and (6) whether the ALJ erred in finding Plaintiff had moderate limitations in interacting with others when assessing the Paragraph B criteria. (Dkt. No. 9.) Plaintiff asks the Court to reverse the ALJ's decision denying benefits and to remand this case for a new hearing. (*Id.* at 7.)

**A. Medical Opinion Evidence**

ALJs must consider every medical opinion in the record and evaluate each opinion's persuasiveness, with the two most important factors being "supportability" and "consistency." *Woods v. Kijakazi*, 32 F.4th 785, 791 (9th Cir. 2022); 20 C.F.R. § 416.920c(a). Supportability concerns how a medical source supports a medical opinion with relevant evidence, while consistency concerns how a medical opinion is consistent with other evidence from medical and nonmedical sources. *See id*. at 791–792; 20 C.F.R. § 416.920c(c)(1), (c)(2).

1. Kathy Doan, ARNP

Doan, Plaintiff's treating provider, offered an opinion concerning Plaintiff's limitations on May 10, 2024. AR 1345–1346. Doan diagnosed Plaintiff with "severe major depressive disorder and generalized anxiety disorder" and stated Plaintiff also has development delays stemming from childhood. AR 1345. Doan opined that Plaintiff suffers from symptoms that would interfere with her ability to maintain concentration, persistence and pace at even a job with routine tasks and only occasional, superficial interaction with others. AR 1345. Doan explained that Plaintiff fears being around other people, "especially in large crowds," and experiences symptoms such as tachycardia, trouble breathing, and chest pain when interacting with others. AR 1345.

Doan further opined that Plaintiff suffers from symptoms that interfere with her ability to perform activities within a schedule, maintain regular attendance, and be punctual within

customary tolerances. AR 1345–1346. According to Doan, these symptoms include forgetfulness, fatigue, low energy, lack of appetite and "symptoms of psychophysiologic insomnia." AR 1346. Doan stated Plaintiff's symptoms resulted in "constant, everyday disruption" that "significantly impacts" Plaintiff's ability to complete an 8-hour workday. AR 1346. Doan also opined that the daily frequency of Plaintiff's symptoms would result in absenteeism. AR 1346. Doan stated that Plaintiff began experiencing symptoms at this level of severity in January 2023. AR 1346.

The ALJ found Doan's opinion unpersuasive, reasoning that it is not supported by the record. AR 25–26. The ALJ found there was insufficient evidence to establish Plaintiff's development delays resulted in a medically determinable impairment. AR 26. The ALJ further found that none of Doan's records contained statements of symptoms or mental status examinations to support the degree of limitation indicated in her opinion. AR 26. The ALJ stated that while Doan's opinion was consistent with the results of Dr. Widlan's consultative psychological examination, it was inconsistent with medical records which reveal normal mental status examinations, improvement in symptoms with adherence to prescribed treatment, and the assessment of no more than moderate functional impairment, as well as no more than moderate functional limitations. AR 26.

The ALJ's evaluation of medical opinions must be based on a "holistic review of the record[.]" *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014). An ALJ may not "cherry-pick" but, rather, must evaluate a conflict between treatment notes and medical opinions "in context of the overall diagnostic picture the provider draws." *Ghanim*, 763 F.3d at 1163 (quoting *Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001) (internal quotations omitted)). The Court cannot affirm "simply by isolating a specific quantum of supporting evidence," but "must

consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion." *Attmore v. Colvin*, 827 F.3d 872, 875 (9th Cir. 2016) (quoting *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999)).

It is unclear if Doan is assessing any limitations based on Plaintiff's development delays. While the ALJ contends Plaintiff's mental health symptoms improved with medication, the record indicates that medications such as Wellbutrin and Bupropion were ineffective, caused side effects, and higher doses of the medication did not necessarily improve her symptoms. AR 668–669, 678, 680–681, 689, 741, 761, 1261, 1290. Mental status examinations and screenings performed by Doan and others during the relevant period indicate Plaintiff often appeared tearful, anxious, depressed, agoraphobic, sometimes exhibited suicidal ideation, and had difficulties with concentration. AR 660–662, 669–671, 673, 678, 681–683, 685, 689, 691, 693, 694, 696, 708, 709, 711, 724, 725, 735, 761, 1244–1245, 1248, 1254–1255, 1264–1265, 1299, 1304–1305, 1329–1330, 1355, 1359–1360, 1363, 1428. The ALJ concedes Doan's opinion is consistent with Dr. Widlan's, which indicated Plaintiff would have significant work-related limitations. *See* AR 659–663. The fact that Doan's opinion is consistent with Dr. Widlan's should make her opinion more persuasive.

Accordingly, the Court finds the ALJ erred in evaluating Doan's opinion.

2. <u>Renee Eisenhauer, Ph.D.</u>

On March 7, 2022, Dr. Eisenhauer offered an opinion concerning Plaintiff's mental limitations. AR 509–511. Eisenhauer opined Plaintiff would have a range of marked and moderate limitations in several work-related functional domains. AR 510. The ALJ found Dr. Eisenhauer's opinion unpersuasive. AR 26. The ALJ found Dr. Eisenhauer's opinion was unsupported and inconsistent with the medical record, which revealed that Plaintiff had no more

than moderate limitations. AR 26. For the reasons discussed above in connection with the ALJ's evaluation of Doan's opinion, the Court finds the ALJ selectively reviewed the record in assessing Dr. Eisenhauer's opinion and otherwise failed to take a holistic review of the record. *See supra* Section III.A.1. Accordingly, the Court finds the ALJ erred in evaluating Dr. Eisenhauer's opinion.

3. <u>David Widlan, Ph.D.</u>

Psychologist Dr. David Widlan examined Plaintiff on March 11, 2023. AR 659–664. Dr. Widlan's examination consisted of a review of the available treatment records, a clinical interview, and a mental status examination. Based on this examination, Dr. Widlan opined that Plaintiff had deficits in memory, concentration, and social reasoning. AR 663. Dr. Widlan further opined that Plaintiff can cognitively understand very simple instruction but cannot persist with adequate pace because she would become easily overwhelmed. AR 663. Dr. Widlan found that Plaintiff could not negotiate simple stressors on a consistent and routine basis due to agoraphobia. AR 663. Dr. Widlan stated that Plaintiff appeared to have significant deficits in performing activities of daily living. AR 663.

The ALJ found Dr. Widlan's opinion unpersuasive, reasoning that while it was supported by the results of his examination and Plaintiff's statements to him, it was inconsistent with the record for the reasons cited in connection with Doan's opinion. *Compare* AR 27 with AR 26. As with Doan's and Dr. Eisenhauer's opinions, the Court finds the ALJ failed to consider Dr. Widlan's opinions in light of the entire medical record. Accordingly, the Court finds the ALJ erred in evaluating Dr. Widlan's opinion.

**B. Other Issues**

Plaintiff also contends the ALJ erred in evaluating the Paragraph B criteria, her symptom testimony and the third party statements submitted by Plaintiff's mother. (Dkt. No. 9 at 2–5, 7.) Because Plaintiff will be able to present new evidence on remand, and because the ALJ's re-evaluation of the opinion evidence may impact the ALJ's evaluation of the remaining record, the ALJ shall re-evaluate this evidence on remand.

## IV. ORDER

Based on the foregoing reasons, the Court finds the ALJ improperly discounted the opinions of ARNP Doan, Dr. Eisenhauer, and Dr. Widlan. Accordingly, Defendant's decision to deny benefits is REVERSED and this matter is REMANDED for further administrative proceedings.

Dated this 2nd day of September, 2026.

David G. Estudillo
United States District Judge